Law Office of Ira R. Abel
305 Broadway
14th Floor
New York, NY 10007
Phone: (212) 799-4672
iraabel@verizon.net
Ira R. Abel, Esq.

*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:

SPE Capital, LLC,

Debtor.
-------------------------------------------------------------x

Chapter 11

Case No. 17-35544-cgm

**DECLARATION OF IRA R. ABEL, ESQ. IN SUPPORT OF
AN ORDER PERMITTING WITHDRAWAL OF COUNSEL**

Ira R. Abel, a principal of the Law Office of Ira R. Abel, (the "Firm") pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. The Firm is the attorney of record for SPE Capital, LLC, the above-captioned debtor and debtor in possession (the "Debtor"). I make this declaration in support of the Firm's Motion to Withdraw as Attorney of Record for the Debtor. I have personal knowledge of the facts set forth herein, except to those facts that are stated upon information and belief, and as for those facts, I believe them to be true.

**JURISDICTION AND STATUTORY BASES FOR REQUESTED RELIEF**

2. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§157 and 1334.

3. Venue in this district is proper pursuant to 28 U.S.C. §§1408 and 1409.

4. This matter is a core proceeding pursuant to 28 U.S.C. §157.

1

5. The statutory bases for this Application are Section 105 of the Bankruptcy Code, Local Bankruptcy Rule 2090-1(e), Local Civil Rule 1.4 of the United States District Court for the Southern District of New York and DR 2-110 of the Rules of Professional Conduct issued by the New York State Unified Court System.

## **GENERAL BACKGROUND**

6. On April 4, 2017 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of title 11, United States Code (the "Bankruptcy Code").

7. The Debtor has continued in the operation of its business and possession of its assets pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. No trustee has been appointed. No official committee of unsecured creditors has yet been appointed.

## **FACTS IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

16. Prior to the Petition Date, to induce me to prepare the necessary papers for commencing the Debtor's voluntary chapter 11 case, the Debtor promised to pay, or promised that a third party would pay on its behalf, (a) a retainer in the amount of $10,000 and (b) the filing fee for commencement of the chapter 11 case in the amount of $1,717 (together, the "Funds"). The Debtor, and others acting on its behalf, made several promises and other representations that the money would be paid.

17. I expended considerable time and energy in reviewing the necessary documents and drafting, reviewing, revising and analyzing the papers as well as the other documents required to be filed. I also corresponded with various individuals, including Scott Morgan, a principal of the Debtor, to determine that the filing documents were correct in form and substance.

18. In order to commence the chapter 11 case, I was required to expend the sum of $1,717, the filing fee. I did so upon the Debtor's representation that the filing was urgently needed and that a third party would wire the funds to my bank account.

19. Neither the Debtor, nor any other entity on its behalf, caused the funds, totaling $11,717, to be paid.

20. I am therefore a creditor of the Debtor and am not eligible to represent the Debtor in its chapter 11 case.

## LEGAL BASES FOR RELIEF

21. Rule 2090-1(e) provides:

> Withdrawal as Attorney of Record.
> An attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown.

Local Bankruptcy Rule 2090-1(e).

22. Section 327(a) of the Bankruptcy Code states in relevant part:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

U.S.C. § 327(a).

23. It is well settled that an attorney holding a claim against a chapter 11 debtor cannot represent such debtor in its case. *In re ZB Surfside Co.*, 1994 Bankr. LEXIS 1852 at *9-10 (Bankr. S.D.N.Y. 1994) ("In relevant part, the Code defines a disinterested person as one who "is not a creditor, equity security holder, or an insider . . .").

3

24. It is additionally well settled under Rule 1.4 of the Local Rules of the Southern and Eastern Districts of New York (the District Court's equivalent to Rule 2090-1(d)), that a client's failure to pay legal fees constitute "satisfactory reasons" for withdrawal of counsel. <u>Team Obsolete, Ltd. v. A.H.R.M.A., Ltd.</u>, 464 F. Supp. 164, 165-66 (E.D.N.Y. 2006).

25. Furthermore, given the current posture of the case, the parties will not be prejudiced by the Firm's withdrawal. The case is in its early stages, and many of the initial deadlines have not yet passed.

## **RELIEF REQUESTED**

16. The Firm, by this declaration, seeks an order pursuant to Rule 2090-1(e) ("Rule 2090-1(e)") of the Local Bankruptcy Rules for the Southern District of New York.

17. As a creditor of the Debtor, the Court is not permitted to authorize the Debtor to retain me as its counsel.

18. I have notified the Debtor that if the Funds were not promptly paid, I would be unable to represent it, and that it should retain other counsel inasmuch as corporations and limited liability corporations are not permitted to appear in court without an attorney.

19. I have notified the Debtor of the upcoming deadlines that are required in its case, including (a) the requirement that the Debtor provide notice of the case conference scheduled by order, dated April 4, 2017 and (b) the initial debtor interview and the documents that must be provided to the US Trustee.

## **NOTICE**

20.     Notice of this request has been made to the United States Trustee, the Debtor, all entities that have filed notices of appearance in the case, the 20 largest unsecured creditors and the 5 largest secured creditors. The Firm respectfully submits that no other notice is necessary.

### PRIOR REQUESTS FOR SIMILAR RELIEF

21.     No other application for similar relief has been made to this or any other court.

**WHEREFORE**, the Firm respectfully requests that this Court authorize the Firm to withdraw as the Debtor's counsel and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
        April 21, 2016

**Law Office of Ira R. Abel**
**Counsel** *for the Debtor*

By:     *s/ Ira R. Abel*
        **Ira R. Abel, Esq.**
305 Broadway
14th Floor
New York, NY 10007
Phone: (212) 799-4672
iraabel@verizon.net

To:     The United States Trustee
        SPC Capital, LLC
        All Parties who have filed Notices of Appearance