UNITED STATES BANKRUPTCY COURT      **HEARING DATE:  June 27, 2017**
SOUTHERN DISTRICT OF NEW YORK      **HEARING TIME:  9:30 a.m.**
POUGHKEEPSIE DIVISION

---------------------------------------------------------- x
In re:                                 :
                                      :  Case No. 17-35544 (CGM)
SPE CAPITAL, LLC,                     :
                                      :  (Chapter 11)
                      Debtor.           :
---------------------------------------------------------- x

### MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE UNDER 11 U.S.C. § 1112(b)

**TO:   THE HONORABLE CECELIA G. MORRIS**
        **CHIEF UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"),

hereby files his Memorandum of Law in Support of his Motion to Dismiss or Convert Case

under 11 U.S.C. § 1112(b) (the "Motion").  In support of the Motion, the United States Trustee

respectfully represents and alleges as follows:

## I.   INTRODUCTION

There is cause to dismiss or convert this case under 11 U.S.C. § 1112(b) on several

grounds.  On April 4, 2017, SPE Capital, LLC (the "Debtor") filed a petition (the "Petition"), a

Local Rule 1007-2 Affidavit (the "Affidavit"), a Corporate Resolution, and Schedules A/B, D,

and E/F.  To date, the Debtor has not filed any other required documents, including Schedules G

and H and the Statement of Financial Affairs; and the Affidavit omitted information required

under Local Bankruptcy Rule 1007-2.  On these facts, there is cause to dismiss or convert the

case under § 1112(b)(4)(F) for the unexcused failure to satisfy timely filing requirements

established under the Bankruptcy Code and applicable rules.  Cause also exists under §

1112(b)(4)(C) because of the Debtor's failure to provide the United States Trustee with proof of

appropriate insurance on estate property.  In addition, the Debtor did not appear or produce

documents for the United States Trustee's Initial Debtor Interview (the "IDI"), and the Debtor's representative did not appear for the Section 341(a) First Meeting of Creditors (the "§ 341(a) Meeting"), held on May 10, 2017, which constitute cause under §§ 1112(b)(4)(H) and (G), respectively. Finally, debtor entities may only appear in federal courts through counsel. In this case, Debtor's counsel withdrew from representing the Debtor in this case pursuant to an order of the Court entered on May 2, 2017, and since that time, the Debtor has failed to appear through substitute counsel. The Debtor is an LLC and may not appear *pro se* in federal court; and its failure to appear in the case through substitute counsel constitutes cause to dismiss or convert the case under § 1112(b)(4).

Dismissal is in the best interests of creditors and the estate under 11 U.S.C. § 1112(b)(1). Based on the information contained in Schedules A/B and D, it does not appear that there is any equity in estate property for a trustee to liquidate for the benefit of unsecured creditors; and the Debtor's secured creditors may seek their remedies or continue any pre-petition litigation outside of bankruptcy.

## I.    FACTS

### A.    The Petition

On April 4, 2017 (the "Petition Date"), the Debtor filed the Petition, Schedules A/B, D, and E/F, the Affidavit, and the Corporate Resolution. Exhibits 1, 2, and 3, respectively, to the Declaration of Alicia M. Leonhard (the "Leonhard Declaration"); and Docket, ECF Doc. No. 1, Exhibit B to the Declaration of Jill Flinton (the "Flinton Declaration"). Scott Morgan signed the Petition, Affidavit, and Corporate Resolution as the Debtor's Managing Member. *Id.* Ira R. Abel, Esq., of the Law Office of Ira R. Abel (the "Firm" or "Former Counsel"), signed the Petition as Debtor's attorney and filed the Petition and other documents on the Debtor's behalf. Exhibit 1.

The Debtor did not file Schedules G and H or the Statement of Financial Affairs on the Petition Date, and since that time, has no filed these documents or sought an extension of time to file them.  The Affidavit included a List of Creditors Who Have the 20 Largest Claims and Are Not Insiders (the "20 Largest List") and a purported list of the names of the Debtor's five largest secured creditors, which was a copy of the 20 Largest List, and did not include a Schedule of Assets and Liabilities, information regarding the location of the Debtor's books and records, and disclosure of the nature of threatened or pending litigation against the Debtor, as required under Local Bankruptcy Rule 1007-2.[1]  Affidavit, at 1-3 and Attachments.

## B.    The Debtor

The Debtor is a New York limited liability company with offices in White Lake, New York.  Affidavit, at 1, ¶ 4.  The Debtor claimed that on the Petition Date, it owned and operated a real property development in Sullivan County, New York (the "Property").  *Id*., at 1, ¶ 4.  As set forth in the Affidavit, the Debtor filed the Petition due to "a 'cash flow crunch' caused by the sudden withdrawal of funds by a lender."  *Id*. at 2, ¶ 7.  On the Petition Date, the Debtor did not have any employees or payroll and did not expect to generate any revenue in the first thirty days of the case.  *Id*. at 3, ¶¶ 14-15.  Nonetheless, the Debtor claimed that it intended to continue to operate its business in chapter 11 and propose a reorganization plan.  *Id*., ¶ 16.

## C.    Assets and Liabilities

According to Schedule A/B, the Debtor's sole asset is developed and undeveloped real property, with a scheduled value of $44.2 million.  Schedule A/B.  The Debtor listed two secured creditors on Schedule D: Romspen Investment, located in Toronto, Ontario, Canada ("Romspen"), with a first mortgage claim of $9.2 million, and Sullivan County, New York

---

[1]With respect to litigation, the Affidavit disclosed only that "[t]he Debtor is a party to a chapter 7 bankruptcy case pending in Chicago, Illinois.  A complete list of each action will be submitted in connection with the Debtor's Statement of Financial Affairs."  *Id*. at 3, ¶ 13.

("Sullivan County"), with a real property tax claim of $574,000.00. Schedule D. The Debtor scheduled no priority claimants and two general unsecured creditors: Natural Living Holdings, located in Las Vegas, Nevada ("NLH"), and SMD Associates ("SMD"), as holding unsecured claims of $695,000.00 and $800,000.00, respectively.

>    **D.    The Firm's Withdrawal as Counsel**

On April 10, 2017, the Firm filed a Motion to Withdraw as Counsel (the "Withdrawal Motion") because the Debtor had failed to fulfill promises to pay the Firm a retainer of $10,000.00 and reimburse the Firm $1,717.00 that it advanced to pay the Bankruptcy Court filing fee. Withdrawal Motion, ECF Doc. No. 8. The Court held a hearing on April 25, 2017 and entered an Order Granting the Withdrawal Motion on May 2, 2017 (the "Withdrawal Order"). ECF Doc. Nos. 8 and 11. To date, the Debtor has failed to appear in the case through substitute counsel.

>    **E.    The Initial Debtor Interview (the "IDI") and the § 341(a)**
>    **Meeting of Creditors (the "§ 341(a) Meeting")**

By letter dated April 6, 2017 (the "IDI Letter"), the United States Trustee informed the Debtor, through counsel, of the requirement to appear in person at the United States Trustee's Poughkeepsie Office for an IDI on April 26, 2017, at 11:00 a.m. Declaration of Jill Flinton (the "Flinton Declaration"), ¶¶ 3-4, and Exhibit A to the Flinton Declaration. The IDI Letter included a list of documents the Debtor was required to provide to the United States Trustee prior to the date of the IDI (the "Checklist"). Exhibit A. In the IDI Letter, the United States Trustee informed the Debtor that it was required to maintain appropriate insurance on estate property and produce proof of insurance no later than the date of the IDI. Flinton Declaration, ¶ 5. The Debtor did not produce the Checklist or proof of insurance, and failed to appear for the IDI. *Id.*, ¶¶ 6-7.

4

The United States Trustee scheduled the § 341(a) Meeting in the Debtor's case for May 10, 2017, at 11:00 a.m.  ECF Doc. No. 5.  Even though the Debtor did not comply with the IDI requirements or file complete Schedules and the Statement of Financial Affairs, the United States Trustee convened the § 341(a) Meeting as scheduled.  Leonhard Declaration, at 1, ¶ 5.  In an abundance of caution, Former Counsel attended by telephone, but a representative of the Debtor failed to appear.  *Id.*, ¶¶ 6-7.

## III.    ARGUMENT

### A.    There is Cause to Dismiss or Convert the Debtor's Case under 11 U.S.C. § 1112(b)(4).

Section 1112(b) provides, in part, that:

   (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

Section 1112(b)(4) provides fifteen examples of cause, including,

   (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public.
   . . .
   (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
   (G) failure to attend the meeting of creditors convened under section 341(a) . . . without good cause shown by the debtor; [and]
   (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee . . . .

11 U.S.C. § 1112(b)(4)(C), (F), (G), .and (H)

The list of factors is nonexclusive.  *In re the 1031 Tax Group, LLC*, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007).  *See also In re State Street Assoc., L.P.*, 348 B.R. 627, 639 (Bankr.

N.D.N.Y. 2006) (§ 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case). A party need not demonstrate that all of the elements of cause can be met. *In re TCR of Denver, LLC*, 338 B.R. 494, 500 (Bankr. D. Colo. 2006). The Bankruptcy Court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. *1031 Tax Group*, 374 B.R. at 93.

Here, there is cause under § 1112(b)(4) on at least five grounds. First, the Debtor did not provide the United States Trustee with proof of insurance and there is no indication in the Petition or Affidavit that the Debtor is maintaining appropriate insurance on estate property. Cause, therefore, exists for the Debtor's failure to maintain appropriate insurance constitutes cause under § 1112(b)(4)(G).

Second, under the Federal Rules of Bankruptcy Procedure, debtors are required to file Schedules and a Statement of Financial Affairs with the petition or within 14 days thereafter unless the Court approves an extension of the deadline. Fed. R. Bankr. P. 1007(a)(1), (b)(1), and (c). The Debtor's Schedules G and H and the Statement of Financial Affairs, which the Debtor did not file on the Petition Date, were due on April 18, 2017, at the latest, but to date, the Debtor has failed to file these documents or seek an extension of the deadline. The Affidavit failed to disclose all of the information required under Local Bankruptcy Rule 1007-2, including the location of the Debtor's books and records, the nature and value of its assets and liabilities, details of pending litigation, and a list of the Debtor's five largest secured creditors. Based on these facts, there is there is cause under § 1112(b)(4)(F) because the Debtor failed to comply with filing requirements established under the Bankruptcy Code and relevant rules.

In addition, cause exists under § 1112(b)(4)(H) and (G). The Debtor's failure to produce documents and appear for the IDI constitutes a failure to produce documents and attend meetings reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(H). *See also In re Perez*,

2014 WL 2003197, at *1 (Bankr. E. D. Cal. May 14, 2014) (the debtor's failure to produce documents and appear at an IDI constituted cause under § 1112(b)(4)(H)). Likewise, cause exists under § 1112(b)(4)(G) because the Debtor did not appear for the § 341(a) Meeting. 11 U.S.C. § 1112(b)(4)(G).

Finally, corporations and other entities may not appear in federal court except through counsel. *Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir. 1976). "Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally." *Id.* (citations omitted). *See also Frayler v. New York Stock Exchange, Inc.*, 118 F. Supp. 448, 451 n.2 (S.D.N.Y. 2000) (*pro se* appearance of a corporation in federal court is "at all times a nullity"). Grounds to dismiss a chapter 11 case, therefore, exist under § 1112(b) when the debtor that is a fictitious person appears *pro se* rather than through counsel. *See In re BSL Operating Corp.*, 57 B.R. 945, 948 (Bankr. S.D.N.Y. 1986) (chapter 11 case dismissed because corporate debtor filed *pro se*). *See also In re RK Hospitality, LLC*, 2011 WL 1116784, at *1 (Bankr. N.D. Ga. March 10, 2011 (court dismissed chapter 11 case because the corporate debtor had no counsel and could not proceed in bankruptcy *pro se*. Here, the Debtor is an LLC that may only appear in federal court through counsel. Pursuant to the Withdrawal Order, the Court allowed the Firm to withdraw from representing the Debtor as of May 2, 1017, and to date, the Debtor has failed to appear through substitute counsel. For this additional reason, there is cause to convert or dismiss the case under § 1112(b)(4).

**B.    Dismissal of the Case is in the Best Interests of Creditors and the Estate.**

Once the Court has found that there is cause under § 1112(b)(4), it must then decide whether conversion or dismissal is in the best interests of creditors and the estate. *In re FRGR Managing Member LLC*, 419 B.R. 576, 580-581 (Bankr. S.D.N.Y. 2009). Factors in the decision include whether a chapter 7 trustee would be able to liquidate assets for the benefit of creditors and whether conversion or dismissal would maximize the value of estate assets. *Id*. Dismissal is in the best

interests of creditors and estate when most or all of property of the estate "is subject to the claims of

secured creditors to the extent there is little, if any, equity to be administered by a chapter 7 trustee."

*In re Garcia*, 479 B.R. 488, 493 (Bankr. N.D. Ind. 2012).

Here, dismissal is in the best interests of creditors and the estate.  Based on the information

contained in Schedules A/B and D, it does not appear that there is any equity in the Property for a

trustee to liquidate for the benefit of unsecured creditors; and secured creditors Romspen and

Sullivan County may seek their remedies or continue any pending pre-petition actions outside of

bankruptcy.

**IV.    CONCLUSION**

Based on the foregoing, the United States Trustee requests that the Court dismiss the case and

grant other relief as is just.

Dated:  Poughkeepsie, New York                    WILLIAM K. HARRINGTON
            May 15, 2017.                                        UNITED STATES TRUSTEE, REGION 2

                                                                   By:  */s/ Alicia M. Leonhard*
                                                                          Alicia M. Leonhard
                                                                          Trial Attorney
                                                                          74 Chapel Street, Room 200
                                                                          Albany, New York 12207
                                                                          Telephone: 202.495.9929 (Direct)
                                                                                          845.452.1696 (Voicemail)
                                                                          Facsimile:  518.434.4459
                                                                          Email: Alicia.M.Leonhard@usdoj.gov